Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| MARTA VILLANUEVA OSORIO<br><br>Demandante - Apelante<br><br>v.<br><br>MICHAEL HARRIS LEVICH<br><br>Demandado - Apelado | KLAN202400040 | Apelación procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Civil núm.: RG2021CV00434 (301)<br><br>Sobre: Interdicto Preliminar; Interdicto Provisional; Interdicto Permanente |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Candelaria Rosa y el Juez Pagán Ocasio.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de marzo de 2024.

El Tribunal de Primera Instancia ("TPI") declaró sin lugar una acción de *injunction* estatutario, bajo el Artículo 14.1 de la Ley 161-2009, *infra*, conducente a detener o demoler una construcción. Según se explica a continuación, concluimos que, como cuestión de derecho, erró el TPI, pues no hay controversia sobre el hecho de que la construcción carece de los permisos necesarios e, incluso ni siquiera se han solicitado los mismos.

I.

En octubre de 2021, la Sa. Marta Villanueva Osorio (la "Demandante") presentó la acción de referencia, sobre interdicto provisional, interdicto preliminar y permanente (la "Demanda"), contra el Sr. Michael Harris Levich (el "Demandado"). Alegó que estuvo casada con el Demandado hasta el año 2012, cuando se dictó

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLAN202200077).

una sentencia de divorcio. Sostuvo que las partes no han liquidado la comunidad de bienes post ganancial.

La Demandante alegó que el Demandado realizaba una construcción ilegal en un predio de terreno, ubicado en el barrio Guzmán Arriba de Río Grande, el cual era propiedad de la comunidad post ganancial. Aseveró que ella no había autorizado la construcción y, además, que el Demandado no contaba con los permisos requeridos por ley. Arguyó que dicho proceder la exponía a multas de las agencias gubernamentales correspondientes. Solicitó que se le ordenara al Demandado detener la obra.

Al cabo de algunos trámites procesales, el 14 de diciembre, el TPI notificó una *Sentencia* mediante la cual desestimó la Demanda (la "Primera Sentencia"). El TPI razonó que la Demandante no había demostrado la existencia de un daño irreparable y que la controversia entre las partes podía ser resuelta mediante una acción de liquidación de comunidad post ganancial.

La Demandante apeló y, mediante una Sentencia de 8 de marzo de 2022 ("Nuestra Sentencia", véase KLAN202200077), revocamos la Primera Sentencia. Concluimos que la Demandante tenía una causa de acción viable bajo el Artículo 14.1 de la Ley 161-2009, mejor conocida como la Ley para la Reforma del Proceso de Permisos de Puerto Rico, según enmendada, 23 LPRA sec. 9011 *et seq.* (la "Ley 161"). Esta disposición permite solicitar un *injunction* para detener, u ordenar la demolición de, una construcción que se realiza sin los debidos permisos.

En Nuestra Sentencia explicamos que:

Cuando se trata de un *injunction* estatutario establecido por una ley especial, **no es necesario que se cumpla con los requisitos del injunction clásico**. Por tanto, **no es necesario en este caso que se alegue, o se pruebe, la existencia de algún daño irreparable o que no haya algún otro remedio disponible en ley**. Lo único que se requiere es que se pruebe lo que exige la ley especial, en este caso, el Artículo 14.1, *supra*. De otro modo, se frustraría el mandato legislativo

específicamente diseñado para proveer un remedio en este tipo de circunstancia. (Énfasis provisto).

Continuados los procedimientos ante el TPI, el 17 de noviembre de 2023, el TPI celebró una vista de interdicto preliminar.

El 15 de diciembre, el TPI notificó una *Sentencia* (la "Sentencia") mediante la cual declaró sin lugar la Demanda. Ello porque "nuestro ordenamiento posee[] un remedio en ley que atiende las construcciones ilegales" y la Demandante "ya está[] haciendo uso de dicho mecanismo". El TPI añadió que era la Oficina de Gerencia de Permisos (la "OGPe") quien tenía el "*expertise* en la controversia".

Inconforme, el 12 de enero, la Demandante presentó la apelación que nos ocupa; formuló los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la demanda presentada al amparo de la Regla 57.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. III, (sic) R. 7.3; y no auscultar en el análisis del derecho aplicable el artículo 14.1 de la Ley 161 conocida como La Ley para la Reforma del Proceso de Permisos de Puerto Rico tal y como fue indicado por el Tribunal de Apelaciones con relación al caso *Marta Villanueva Osorio v. Michael Harris Levich,* caso núm.: KLAN202200077.

> Erró el Tribunal de Primera Instancia al no declarar Ha Lugar la demanda presentada; y por consiguiente no ordenar la demolición de la obra construida ilegalmente por el apelado, que aun al día de hoy no cuenta con los permisos de construcción requeridos para su legalidad de conformidad con lo establecido en el artículo 14.1 de la Ley 161 conocida como la Ley para la Reforma del Proceso de Permisos de Puerto Rico.

Mediante una *Resolución* de 17 de enero, le ordenamos al Demandado presentar su alegato en o antes del 12 de febrero, según lo contempla nuestro Reglamento. El Demandado no compareció ni solicitó prórroga. Resolvemos.

## II.

Ley 161, 23 LPRA sec. 9011 *et seq.*, fue adoptada con el propósito de establecer un nuevo procedimiento para la solicitud, evaluación y concesión de permisos de uso, construcción y

desarrollo de terrenos en Puerto Rico. Exposición de Motivos, Ley Núm. 161. Con su promulgación se pretendió transformar el sistema de permisos en nuestra jurisdicción, de modo que resultara en uno más transparente, ágil, confiable y eficiente. Exposición de Motivos, Ley 161.

La Ley 161 derogó la Ley Orgánica de la Administración de Reglamentos y Permisos, Ley Núm. 76 de 24 de junio de 1975, 23 LPRA ant. sec. 71, *et seq.*, y creó la OGPe, organismo gubernamental adscrito a la Junta de Planificación, a quien se le confirió la jurisdicción para evaluar, conceder o denegar determinaciones finales y permisos relacionados al desarrollo y uso de terrenos en Puerto Rico. 23 LPRA sec. 9018. Así pues, la Administración de Reglamentos y Permisos ("ARPe") fue reemplazada por la OGPe como la agencia administrativa encargada de la concesión de permisos. 23 LPRA sec. 9012d.

En lo pertinente, el Artículo 14.1 de la Ley 161-2009, 23 LPRA sec. 9024, dispone como sigue:

> La Junta de Planificación, así como cualquier entidad gubernamental concernida, Municipio Autónomo con Jerarquía de la I a la V o cualquier otra dependencia o instrumentalidad del Gobierno de Puerto Rico en representación del interés público o **una persona privada**, natural o jurídica, **que tenga un interés propietario o personal** que podría verse adversamente afectado, podrá presentar una acción de injunction, mandamus, sentencia declaratoria, o cualquier otra acción adecuada para solicitar: (1) la revocación de un permiso otorgado, cuya solicitud se haya hecho utilizando información incorrecta o falsa; (2) **la paralización de una obra iniciada sin contar con las autorizaciones y permisos correspondientes**, o incumpliendo con las disposiciones y condiciones del permiso otorgado; (3) la paralización de un uso no autorizado; (4) **la demolición de obras construidas, que al momento de la presentación del recurso y al momento de adjudicar el mismo no cuenten con permiso de construcción**, ya sea porque nunca se obtuvo o porque el mismo ha sido revocado.
>
> **Indistintamente de haberse presentado una querella administrativa** ante la Junta de Planificación, entidad gubernamental concernida, Municipio Autónomo con Jerarquía de la I a la V o cualquier otra dependencia o instrumentalidad del Gobierno de Puerto Rico, alegando

los mismos hechos, **una parte adversamente afectada podrá presentar un recurso extraordinario en el Tribunal de Primera Instancia. Una vez habiéndose presentado el recurso extraordinario al amparo de esta sección, la agencia administrativa perderá jurisdicción automáticamente** sobre la querella y cualquier actuación que llevare a cabo con respecto a la misma será considerada ultra vires. (Énfasis provisto). […]

El Artículo precitado estatuye un mecanismo interdictal extraordinario, de carácter estatutario y sumario, "limitado a la obtención de órdenes para la paralización inmediata, provisional o permanente de usos contrarios a la ley." *ARPe v. Rivera*, 159 DPR 429, 443-444 (2003). Debido su naturaleza, el *injunction* estatutario es independiente del *injunction* tradicional y, en consecuencia, generalmente exento de las exigencias legales que rigen a este. *Next Step Medical v. Bromedicom et al.*, 190 DPR 474, 497 (2014).

El *injunction* estatutario, al tener su origen en un mandato legislativo expreso, no requiere que el peticionario cumpla con los criterios de un *injunction* tradicional. *ARPe, supra.* De ahí que, contrario al *interdicto* tradicional, su concesión "requiere un tratamiento especial, enmarcado en un escrutinio judicial más acotado." *Next Step Medical, supra.*

Así pues, al interponerse una petición de *injunction* estatutario, "[no] se requiere alegación ni prueba de daños irreparables, [sino] solo la determinación de que el demandado ha violado las disposiciones de la ley." *ARPe*, 159 DPR a la pág. 444.

Por tanto, en el contexto específico del empleo del mecanismo interdictal establecido en el Artículo 14.1 de la Ley 161-2009, *supra*, será suficiente para ser acreedor a dicho remedio el que una persona legitimada demuestre que: 1) existe una ley o reglamento que reglamenta el uso o actividad denunciada y 2) la persona o personas

señaladas se encuentran realizando un uso o actividad en violación a esa ley o reglamento. *ARPe,* 159 DPR a la pág. 445.[2]

### III.

Como cuestión de derecho, erró el TPI al declarar sin lugar la Demanda. En esencia, el TPI actuó por las mismas razones que motivaron la Primera Sentencia; no obstante, ya en Nuestra Sentencia determinamos que estas razones no eran válidas en derecho. En otras palabras, el TPI pretendió disfrazar la Primera Sentencia, por nosotros revocada, con otra ropa. Naturalmente, el TPI no podía así actuar; tenía que acatar lo determinado por este Tribunal, lo cual constituye la ley del caso.

Según expuesto en Nuestra Sentencia, el Artículo 14.1 de la Ley 161, *ante*, permite que una persona privada inste un recurso de *injunction* para detener una construcción que no cuenta con los permisos necesarios o para obtener una orden de demolición de lo construido sin dichos permisos. En los casos de *injunction* estatutario, como el presente, no es necesario que la parte interesada agote remedios, ni que demuestre que ha sufrido un daño o que no tiene otro remedio disponible en ley.

En este caso, y según surge de la propia Sentencia, el Demandado (i) ha aceptado que realiza una construcción sin permiso de OGPe, (ii) a pesar de saber que necesita dicho permiso, y (iii) que no ha hecho nada para obtener el mismo, indicando que no tiene inconveniente en pagar la multa que corresponda. Véase Sentencia, Apéndice de la Apelación a la pág. 107 (el Demandado "[a]dmitió que está haciendo la construcción sin permiso y que está

---

[2] Los criterios aludidos se establecieron en *ARPe v. Rivera, supra*, bajo el Artículo 28 de la derogada Ley Núm. 76 de 24 de junio de 1975, 23 LPRA ant. sec. 72. Sin embargo, el artículo derogado también permitía la presentación de recursos extraordinarios ante el TPI, al igual que el vigente Artículo 14.1 de la Ley 161, *supra*. Por tratarse de una norma en torno al *injunction* estatutario en este contexto, es aplicable a la controversia de autos.

dispuesto a pagar la multa que le fuera impuesta por su construcción en la finca").

Ante esta situación, el TPI deberá, en o antes del 26 de abril de 2024, realizar una vista para que el Demandado muestre causa por la cual no se deba paralizar la construcción objeto de este caso, ordenar la demolición de la construcción, o ambas. A menos que el Demandado demuestre en la referida vista que ya ha obtenido los permisos correspondientes, o que al menos OGPe tiene pendiente una solicitud formal al respecto, el TPI deberá paralizar la construcción y ordenar la demolición de lo construido.[3]

IV.

Por los fundamentos que anteceden, se revoca la Sentencia apelada y se devuelve el caso para la continuación del caso de conformidad con lo aquí resuelto y expuesto. Específicamente, el TPI deberá, en o antes del 26 de abril de 2024, realizar una vista para que el Demandado muestre causa por la cual no se deba paralizar la construcción objeto de este caso, ordenar la demolición de la construcción, o ambas. A menos que el Demandado demuestre en la referida vista que ya ha obtenido los permisos correspondientes, o que al menos OGPe tiene pendiente una solicitud formal al respecto, el TPI vendrá obligado a paralizar la construcción y ordenar la demolición de lo construido.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] Somos conscientes que entre las partes se dilucida un pleito de división de comunidad post ganancial instado por el Demandado (RG2022CV00136). No obstante, el Demandado no ha controvertido que, al día de hoy, la propiedad todavía pertenece a ambas partes.